UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH S. HATLEY,<br><br>    Defendant. | Case No. 15-cr-40089-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Joseph S. Hatley's motion to correct a clerical error in his presentence investigation report ("PSR") (Doc. 207). He claims that the offense level of 37 and the relevant conduct reflected in his PSR are incorrect and that his offense level was actually 32, a level to which he and the Government agreed in the plea agreement. The offense level 37 is affecting his ability to participate in certain programs and his security classification in prison.

The Court construes the motion as pursuant to Federal Rule of Criminal Procedure 36. Rule 36 states, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

The Court will deny the motion. The PSR accurately reflects what the Probation Office *recommended* to the Court—relevant conduct of 104,826 kilograms of marihuana equivalent ("MEU") and a total offense level of 37—so there is no error. However, the Court did not adopt that finding, as is reflected in the sealed Statement of Reasons (Doc. 198). Instead, it found a relevant conduct of **9,494 kilograms of MEU**, as set forth in the minutes of sentencing (Doc. 190) and the sealed Statement of Reasons (Doc. 198).

The Court also made a different offense level computation based on this lower relevant conduct amount.  It started with a base offense level of 32, *see* U.S.S.G. § 2D1.1(c)(4), enhanced the level by 2 points for reckless endangerment during flight under U.S.S.G. § 3C1.2, and reduced the level by 3 points for timely acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), yielding a **total offense level of 31**.  Again the total offense level is reflected in the sentencing minutes (Doc. 190) and the sealed Statement of Reasons (Doc. 198).

The bottom line is that the PSR did not make any clerical error because it accurately reflects the Probation Office's recommendations, but the Court did not adopt those recommendations.  Therefore, because there was no error, there is nothing to correct, and the Court **DENIES** Hatley's motion (Doc. 207).  However, to enable Hatley to better convey this information to those who are calculating his sentence, the Court **DIRECTS** the Clerk of Court to send Hatley a copy of the minutes of his sentencing (Doc. 190) and the Post-Plea Agreement from which the Court derived Hatley's relevant conduct (Doc. 192).  Those documents, along with this order, fairly represent the total offense level and relevant conduct the Court actually found.

**IT IS SO ORDERED.**
**DATED:  September 9, 2021**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**